## FREDERICK CHAFFEE v. THE RUTLAND RAILROAD COMPANY AND TRUSTEE.

*An Action must be brought against the Party Named in the Contract. Novation. Trustee. Pleading.*

1. An action, based upon a *written contract itself*, can only be brought against the *party named in the instrument*; hence, an action of *assumpsit* cannot be maintained against a railroad company, based upon a *written* contract, *signed by*, and in the *name of, the trustees* of the mortgage *bondholders of such road.*
2. There could not be *a novation of parties* in this case ; because the trustees had *bound themselves*,—not binding the company,—and one of them was also president of the defendant company; and acting in *this double capacity*, he could not contract with himself; could not discharge himself and put the company in his place.
3. A Court of Chancery could charge upon the *trust property* the *legitimate expenses incurred in managing it ;* but not even this upon the bondholders personally.
4. Distinction between the powers of an *agent* and *trustee.*
5. The plaintiff, *being a stockholder in the defendant company, is charged* with knowledge of the capacity in which the trustee was acting.

THIS case was tried at May Term, 1879, BARRETT, J., presiding. Trial by the court, and judgment for the plaintiff. Action of assumpsit on a written contract ; plea, non-assumpsit. Several questions were raised in the court below ; but the facts bearing

Chaffee v. Railroad Co.

upon the case as decided by the Supreme Court sufficiently appear in the opinion, except the contract, which is as follows :

### RUTLAND RAILROAD COMPANY.

I, Frederick Chaffee, of Rutland, propose to deliver on the line of the Rutland Railroad, at Ludlow Station, and near Ludlow Station, on the line of said Railroad, twelve thousand cords of mixed wood, at four dollars per cord, to be one half hard wood and one half soft wood to deliver from one to two thousand cords per annum until the twelve thousand cords is delivered. . . . . . . (Here follows a description of the wood, how to be cut, piled, &c., &c.)

Dated at Rutland this first day of Dec. A. D. 1870.       F. CHAFFEE.

Rutland, Vt. Dec. 1st, 1870.

The foregoing proposal of F. Chaffee this day accepted. Payment to be made within thirty days after delivery, measurement and inspection.

JOHN B. PAGE,      } Trustees 2d M.
E. A. BURCHARD, } B. R. & B. R. R.

By I. J. Vail.

*James C. Barrett,* for the plaintiff.

As to the novation or substitution :   The findings of the County Court upon the question of fact are conclusive.   The exceptions show the following :

" Said company (the defendant) assumed to be the party of the second part, and the plaintiff understood it to be so, and upon that understanding went on under it as above set forth."

Two things are plain :  *First,*—Upon the facts relied upon by the defendant, touching the point in question, no implication whatever arises *as matter of law*.   *Secondly,*—Even if such implication of law would arise in the absence of a finding of the fact to the contrary, yet, such fact being found, the *fact* must prevail. *Conventio legem vincit.*

Actual delivery overcomes any presumption arising from any act of measuring, or the like, remaining to be done.   Benjamin on Sales, s. 331, and note (*h*) ; and cases there cited ; Ib. s. 346 ; Ib. 334, note (*t*.) 13 Pick. 183 ; *Sumner* v. *Hamlet,* 12 Pick. 76 ; *Kelsea* v. *Haines,* 41 N. H. 254 ; Reporter, Feb. 11, 1880, 182 ; *Hanson* v. *Meyer,* 6 East, 614 ; Benjamin on Sales, 257, n. f. ; Ib. s. 311, n. c. ; Ib. Bk. II, Part II, C. III, IV, V ; *Gibbs* v.

*Benjamin*, 45 Vt. 124 ; *Ward* v. *Shaw*, 7 Wend. 404 ; *Tyler* v. *Strong*, 21 Barb. 198, 206 ; *Fitch* v. *Burk*, 38 Vt. 683, 689.

*Prout & Walker*, for the defendant.

The written contract was not the contract of the defendant. Has there been in law a substitution either of parties or of liability ? This can result only from *agreement*. There must be a mutual agreement between all the three parties, the creditor, his immediate debtor, and the intended new debtor, for the substitution of the new debt in the place and stead of the original debt. 1 Addison on Cont., 530, s. 373 ; *Wilsford* v. *Wood*, 1 Esp. 183 ; *Forth* v. *Stanton*, 1 Saund. 211 ; *Thomas* v. *Shillibeer*, 1 M. & W., 124 ; *Caxon* v. *Chadly*, 3 B. & C. 591 ; *Price* v. *Easton*, 4 B. & Ad. 433 ; *Cochrane* v. *Green*, 9 C. B. (N. S.) 448 ; *Shaffer* v. *Henkel*, 75 N. Y. 375.

Besides, it is not found as a fact that the original debtors were ever released, or that the parties ever had any communication upon the subject. *Anderson* v. *Davis*, 9 Vt. 136 ; *Watson* v. *Jacobs*, 29 Vt. 169 ; *Williams* v. *Little*, 35 Vt. 323 ; *Fullam* v. *Adams*, 37 Vt. 391 ; *Cole* v. *Shurtliff*, 41 Vt. 311 ; *Newall* v. *Ingraham*, 15 Vt. 422.

*Acceptance* necessary to the passing of the title. *Rider* v. *Kelly*, 32 Vt. 268 ; *Carpenter* v. *Brainard*, 37 Vt. 147 ; *Hodges* v. *Fox*, 36 Vt. 81 ; *Boardman* v. *Keeler*, 21 Vt. 78 ; *Gibbs* v. *Benjamin*, 45 Vt. 124 ; *Outwater* v. *Dodge*, 6 Cowen, 85 ; *Downer* v. *Thompson*, 2 Hill, 137.

The opinion of the court was delivered by

Ross, J. The plaintiff seeks to recover on a contract in writing made and signed by him of the first part, and John B. Page and E. A. Burchard, trustees of the second mortgage bonds of the Rutland and Burlington Railroad Company, of the second part. To entitle himself to recover thereon he must show, either that the defendant was the principal and Page and Burchard its agents in making the contract, or, that the defendant had become the second party to the contract by *novation*.

I. The case was tried by the court; and from the facts found and stated in the exceptions, it appears that Page and Burchard, as trustees of the second mortgage bondholders of the Rutland and Burlington Railroad Company, took possession of the road, and operated it several years ; that in the meantime a charter was obtained from the Legislature in the interest of the second mortgage bondholders, the mortgage foreclosed, and the defendant company organized thereunder, in July, 1867 ; that subsequently to the organization of the defendant company the trustees as such continued to operate and manage the road, "by permission or procurement" of the defendant, " and in its interest until upon the settlement of their accounts as trustees, said road, on the 8th day of February, 1871, went into the possession and management of the lessees," the trustees and managers of the Vt. Central and Vt. & Canada Railroads, by a lease dated Dec. 30, 1870 ; that John B. Page has been the president of the defendant company since its organization ; and that the contract, on which recovery is sought to be had, was first verbally entered into about the time, and just after, the defendant company was organized, and was to continue in force by its terms from eight to fifteen years, but was reduced to writing and executed in its present form, Dec. 1, 1870.   John B. Page, during this time, was acting in the double capacity of president of the defendant company, and as one of the trustees of the second mortgage bondholders of the Rutland & Burlington Railroad Company, which the defendant company eventually displaced.  E. A. Burchard, so far as appears from the exceptions, never acted, nor pretended to act, except in the single capacity of trustee of the second mortgage bondholders.  The court have found that the plaintiff understood that the defendant was the real party in interest and to be bound by the contract, as the wood was for use in running the road of the defendant, and the performance of it was to extend through a term of years.   It is not found that the defendant ever authorized the making of the contract, nor that Page and Burchard held any such relation to the defendant as authorized them to bind the defendant by the contract, unless their relation as trustees gave them such authority.   As trustees of the second mortgage bondholders, they took possession of the property, and

operated it in fulfillment of their trust duties, and not otherwise. By the mortgage, the title to the property, on default by the Rutland and Burlington Railroad Company, became vested in them in trust for the bondholders. Their powers and duties for the bondholders were those of a trust, and limited by the conditions of the mortgage. They gave them no power to bind the bondholders personally by their contract, nor the defendant though chartered and organized in the interest of such bondholders. Their legitimate expenses incurred in managing and operating the trust property the Court of Chancery could charge upon the property ; but the trustees could not bind the bondholders personally for the payment of these even, and much less for the performance of contracts which were to extend a term of years beyond the duration of the trust. By the contract, the trustees became personally liable for its performance. *Sprague* v. *Smith*, 29 Vt. 421 ; *Blumenthal et al.* v. *Brainard et al.*, 38 Vt. 402. An agent acting within the scope of his authority, binds his principal, if disclosed, and not himself. The capacity in which Page and Burchard claimed to act in making the contract is declared upon the face of the contract. But if not disclosed, the doctrine that an agent, acting for, and .without disclosing his principal, binds the latter by the contract, does not apply to the relation of trustee and *cestuis que trust*, because that relation is not one of agency. *Everett* v. *Drew*, (a recent Massachusetts case found in The Reporter of Sept. 29, 1880, p. 405.) It is immaterial to inquire whether Page, acting in the capacity of president of the defendant, could, without the approval of the directors, have bound the defendant to the performance of such a contract. He did not act, nor profess to act, in that capacity ; but solely in his capacity as trustee in connection with his co-trustees, and from the contract, as executed, the plaintiff had no right to understand that they were attempting to, or did bind, the defendant to the performance of the contract. The court have found no act, nor omission to act, by the defendant from which the plaintiff had the right to understand that Page and Burchard, as trustees, had the right to, or were, in fact, binding the defendant to the performance of the contract. The mere fact that the contract was written on paper, with the words, " Rut-

land Railroad Company" printed, or written, above the offer signed by the plaintiff, and the acceptance of the offer signed by Page and Burchard, trustees of 2d. M. B. R. & B. R. R. gave him no right so to understand.  Nor did the fact that the wood was to be delivered on the line of the road of the defendant.  Nowhere in the offer, or acceptance, is the defendant mentioned or alluded to as a party to the contract.  It seems now to be the better-established doctrine in this country, although a contrary doctrine has prevailed to some extent in England, that when a contract is reduced to writing, and an action is brought upon the contract itself, no other persons can be made parties than those named in the instrument; but when a right of action exists independent of the writing, which is merely offered as evidence tending, among other things, to establish that right, then the party having the legal interest or liability, and for whom the contract was actually made, may sue, or be sued, although not named in the writing.  It is well settled that on sealed instruments, bills of exchange or promissory notes, none but the parties named in the instrument by their name can be made parties to the action.  1 Pars. Con. 48 and notes, and cases there cited.  The contract, in issue both in amount and time of performance, is required to be in writing, by the Statute of Frauds, and to be signed by the party to be charged, in order to enable the other to maintain an action thereon.  Hence, if the signature of Page and Burchard thereto was in fact made for, and on behalf of, the defendant, though not under seal nor a negotiable instrument, the plaintiff could not thereon maintain an action against the defendant, as his action is upon the contract itself.  The delivery of the wood at the place named, and of the kind and quality named, without acceptance, would give him no right of action against the defendant.  It is conceded by the plaintiff's counsel " that if the defendant is liable at all, it is liable as *party of the second part to the contract.*"  If the plaintiff had proved by parol testimony that the signature of Page and Burchard was in fact the signature of the defendant, without objection by the defendant to such testimony, and the court had found that fact on such testimony, it would have thereby waived the benefit of the Statute of Frauds.  *Montgomery* v. *Edwards,* 46

Vt. 151; *Strong* v. *Dodds*, 47 Vt. 354. But no such fact is found, nor is it inferable from the facts found ; and independently of the Statute of Frauds, on the principles governing actions upon written contracts above stated, the defendant could on the contract being produced insist that by its terms it was not liable thereon.

II. To constitute a novation of the contract as to the defendant, the plaintiff, Page and Burchard, and defendant must have mutually agreed that Page and Burchard should be discharged as the party of the second part, and the defendant be substituted as such party, binding itself to the plaintiff and plaintiff to it, each to perform to the other all which the contract requires to be performed by such party, respectively. To entitle him to recover on this ground, the burden was upon the plaintiff to show such novation. It was not incumbent upon the defendant to introduce proof to establish this fact. The contract on its face was a defence on this ground. The trial in the County Court seems to have proceeded on the part of the defendant on the basis that the lessee of the road of the defendant, the Central Vermont Railroad Company, had become the party of the second part by novation. To this end, after the evidence was in, the counsel for the defendant claimed : " That there had been two *novations* of said contract; by one of which, the defendant company had become the party of the second part instead of Burchard and Page ; and by the other the Central Vermont Company had become such party in place of defendant company. He made no point or claim that as between Burchard and Page and the defendant company, the former were the party liable under said contract, instead of the latter for the wood in question." This, as we understand, was his claim on the argument, and that such was the result of the evidence. It was not a concession on the trial, and while the evidence was being put in, that such was the fact, and that by reason thereof the plaintiff need not prove the existence of that part of his case. The other claims made by him were so worded as to show that he did not mean to be understood that he admitted the liability of the defenddant. He was then resisting such liability, and claiming that the

evidence, if it established a novation as to the defendant, also established a novation thereof as to the Central Vermont Railroad Company. It is evident that the court did not understand the counsel of the defendant as having admitted, or conceded the liability of the defendant, if the novation of the Central Vermont Railroad Company was not established ; because immediately following the sentence just quoted it proceeds to state the result of the evidence on this point as follows :

" The court find as matter of fact that in respect to the making of said written contract as aforesaid, and in what ensued under and in reference to it, between said Page, as president of said company, and the plaintiff, said company assumed to be the party of the second part, and the plaintiff understood it to be so, and upon that understanding went on under it as above set forth." In all the matters and conversations set forth between Page as the president of the defendant and the plaintiff not a word is said by, or to, Mr. Burchard ; nor does Mr. Page, as president, profess to deal with and discharge himself, nor himself and Burchard as trustees, and substitute in their place the defendant company. The plaintiff was a holder of second mortgage bonds of the Rutland and Burlington Railroad Company, and as the result thereof a stockholder in the defendant company, and thus charged with knowledge of the double capacity and duty in which Mr. Page was acting. It is well settled, upon soundest principles of public policy, that Mr. Page as trustee, having become personally bound to the fulfillment of the contract, could not as president of the defendant company contract with himself to discharge himself from his personal liability on the contract, and as agent of the defendant company substitute it as the second party to the contract in place of himself and Burchard. But to constitute a novation the defendant must have been substituted in the place of both Mr. Page and Mr. Burchard. The exceptions are entirely silent in regard to Mr. Burchard ever having become in any way, directly or indirectly, a party to the many talks and understandings between the plaintiff and Mr. Page as president of the defendant company. So far as appears he has never consented or been asked to be discharged, or understood he was discharged from the contract. It

is quite clear that the verbal contract was with Page and Burchard as trustees. They wanted the wood to operate the road with, took it for the first three years, used and paid for it as such trustees. After that the plaintiff, though his contract was with them personally, assumed to treat the defendant as the party who was to fulfil the contract, and Mr. Page, as president of the defendant, acknowledged the assumption, and tried to cover in the contract under the lease, and compel the lessee to fulfil it, whether in relief of himself or for what purpose it is needless to inquire. This is apparent from what he did in collecting the money from year to year, or in obtaining the notes of the lessee in payment of the wood delivered. If some other person had made and executed the contract as the second party thereto, and the same had transpired between the plaintiff, such other person, and Mr. Page in his capacity of president of the defendant, which the court has found transpired between the plaintiff and Mr. Page in his double capacity of president and trustee, very likely a novation binding the defendant to the fulfilment of the contract as the party of the second part, might have been established. But the fact that Mr. Page was holding and acting in this double capacity, and this was known to the plaintiff, prevented his acts from discharging himself, or binding the defendant. Besides, Mr. Burchard never became a party to the claimed novation. Hence, on the facts found by the County Court no novation, by which the defendant became liable for the fulfilment of the contract as the party of the second part thereto, is established. This holding renders it immaterial, to consider, whether a novation by parol of a contract required to be in writing and signed by the party to be charged, to avoid the effect of the Statute of Frauds, does not reduce the entire contract to an unwritten contract, and so subject it to the infirmity cast upon such contracts by the statute, of being incapable of enforcement by suit, and also whether the court adopted the true rule of damages.

The judgment of the County Court is reversed, and judgment rendered on the facts found for the defendant to recover its costs.