HOUSTON COTTON EXCHANGE, ETC., ET AL., V. JERRY CRAWLEY.

(No. 1963.)

APPEAL from Harris County. Opinion by HURT, J.

HUTCHESON & CARRINGTON, counsel for appellants.

No counsel appeared for appellee.

§ 138. *Lien of mechanic, etc.; how fixed; itemized account not necessary, when; case stated.* Appellee Crawley claims that in March, 1884, he contracted with one Max Kosse, the other defendant in this suit, to do the lathing and plastering of the building that he (Kosse) was constructing for the Houston Cotton Exchange and Board of Trade. That Kosse owed him $2,787 for the

work and materials, less $1,050 paid up to February 2, 1885, on which day he made out and delivered to the appellant "an attested account of the amount and value of said labor and materials performed and furnished, and remaining unpaid." That at that time appellant owed Kosse, on his contract with it for the construction of said building, more than sufficient to pay the amount due appellee. That Kosse, on March 4, 1885, paid appellee $1,341.50, leaving due the $395.50 sued for, and for which appellant's liability is claimed to have been fixed by the steps recited. Appellant answered by general denial and general demurrer. The general demurrer was overruled, and judgment rendered for appellee against both defendants for the amount sued for and costs. It is assigned that the court erred in overruling the general demurrer. *Held:* The petition sets out the account served on appellant without itemization or separation of work from materials. The petition appears to be based upon an express contract, for an entire job for a sum certain. This being the case, it was unnecessary to set forth each item of work and material, in order to comply with the statute. [Pool v. Wedemeyer, 56 Tex. 287.]

§ **139.** *General demurrer; defects not reached by.* But concede that it is doubtful whether the petition declares upon an express contract for an entire job for a sum certain, and that the account should have been itemized, the defect is of a character that cannot be reached by general demurrer; for if there had been special exceptions to the petition pointing out such defect, the plaintiff could, and no doubt would have cured the defect by a proper amendment.

· March 13, 1886.                                  Affirmed.