### GEORGE DIEHL v. J. B. FOWLER.

#### No. 1222.

Fact Case—Delivery of Deed.—See facts held sufficient to show the execution and delivery of a deed, in compliance with a parol agreement between the holder of the note sued on and the defendant, plaintiff taking the lots conveyed by the deed in settlement of the note.

APPEAL from County Court of McLennan County.    Tried below before Hon. W. M. SLEEPER, Special Judge.

Attachment suit on a note for $300, of date April 22, 1892, and due six months thereafter, executed by Diehl to Fowler.    Suit was filed July, 1893, and attachment levied.

Defendant pleaded that he had fully paid and discharged the note, upon an agreement with Fowler, by deeding him two certain lots in the city of Waco, on December 10, 1892.

Judgment for plaintiff for amount claimed, and foreclosure of attachment lien.    The defendant appealed.    The testimony to the execution and delivery of the deed in accordance with the alleged agreement is as follows:

On Saturday, December 10, 1892, Fowler and Diehl went together to look at the lots with the purpose of settling the note by sale to Fowler, if they suited him.    They examined the property.    Fowler was satisfied, and they then and there agreed upon settlement, Diehl to make deed to the lots in consideration of the payment of the note.    They returned to the city.    It was then late Saturday evening.    Fowler's note was in some bank in the city, and not accessible at that time. Diehl wanted to leave to see sick family that night.    It was agreed between them that Diehl should make the deed and leave it with J. B. Scarborough, and on Monday following Fowler was to call and get it and deliver the note.    Diehl made the deed as agreed upon.    On Tuesday or Wednesday following, Scarborough met Fowler and told him that the deed was there for him; Fowler stated that he had not time to attend to it, but to keep the deed for him, the trade was all right, and

he would call in a day or two and get it. A similar conversation took place some days later. Some weeks after, Scarborough and Fowler again met, and he was requested again to come for his deed, and he replied that he had heard an attachment had been levied on the land. He was assured that if any attachment had been levied on his lots that it was by mistake, and they would be released. The attachment was released, and the deed and release tendered to him and his attorneys before this suit was filed. Fowler also stated he declined to take the land, because some months after he had made the agreement with Diehl parties out there had reduced the price of land above one-half, and he did not think the lots worth what he had agreed to give for them. [Brief for appellant.]

*J. B. Scarborough*, for appellant.—Under the facts proven in this case, the trade between plaintiff and defendant in settlement of the note by the deed to the land was a complete transaction, and the note was discharged and title vested in Fowler. Martindale on Con., 174, 177; 5 Am. and Eng. Encyc. of Law, 441; Smith v. Meyer, Bannerman & Co., 3 Texas Civ. App., 370.

*Herring & Kelley*, for appellee.—There was no delivery of the deed nor waiver of it. Steffan v. Bank, 69 Texas, 513.

FISHER, CHIEF JUSTICE.—Under the facts in this case as disclosed by the record, we have been unable to reach any other conclusion but that the deed executed to Fowler was in legal effect delivered to him. It appears from the facts that Scarborough was the intermediary, selected by both Diehl and Fowler, to whom the deed was delivered in order to be handed over to Fowler. Fowler was notified that Scarborough had the deed, and promised to come and get it, and we think, under the understanding between the appellee and the appellant at the time the deed was executed, and the circumstances connected with its delivery to Scarborough before and after that time, establishes in legal effect a delivery to Fowler. The transaction was not such as is embraced within the meaning of the statute of frauds; but as to this issue, it was not raised by the pleadings in the case (53 Texas, 14; 5 Texas, 552; 56 Texas, 299; 82 Texas, 394), and, under the pleadings, this issue was not before the court. The evidence shows, without contradiction, that the deed in question was executed for the purpose of satisfying the note sued on. The consideration for the deed, as appears from the facts, was the satisfaction and payment of this note. It does not appear from the evidence that appellant has sustained any damages by reason of the levy of the attachment, otherwise we would reverse and remand the case, so that the matter of damages might again be passed upon. But in view of the entire facts as stated by the record, we think it best to here reverse and render judgment in favor of the appellant, and it is so accordingly ordered, that the plaintiff

below (appellee here) recover nothing against the appellant, and that appellant go hence with his costs.

*Reversed and rendered.*

Delivered May 15, 1895.