MARSHALL MONTGOMERY v. L. F. EDWARDS.

*Statute of Frauds. Evidence.*

Contracts within the statute of frauds are not illegal, unless put in writing; but only not capable of being enforced against the defendant without writing, — an immunity which the defendant may waive. Hence, where parol evidence of such a contract was given by the plaintiff, without objection by the defendant at the time it was offered, and not until the testimony was closed, and the arguments to the jury had commenced, it was *held* that the defendant had waived his right to object to the testimony.

ASSUMPSIT, for that on the 1st day of May, 1870, in consideration that the plaintiff would permit the defendant to raise oats on a certain piece of the plaintiff's land that year, and have the crop, the defendant promised to sow said land with oats, and to harrow it as much as he was accustomed to harrow his own land for a like purpose, and to stock down the same with herds-grass and clover, and also expend four days' work thereon in cutting bushes and making and repairing fence. Averment of performance by the plaintiff, and breach by the defendant. The declaration also contained the common counts, but they were waived on trial. Plea, the general issue. Trial by jury, and verdict for the plaintiff, December term, 1872, Ross, J., presiding.

The plaintiff's evidence tended to sustain the special count. The contract therein declared upon was not in writing, and the plaintiff offered only parol evidence to prove it, which was introduced without objection at the time it was offered. The defendant was a witness, and admitted the contract in nearly the same terms charged in the declaration; but gave evidence tending to show that he had performed it. After the evidence was all in on both sides without objection, and the arguments to the jury were partly concluded, the defendant's counsel requested the court to rule that the plaintiff was not entitled to recover, because the contract was not in writing. The court refused so to rule, or to charge the jury to that effect; to which the defendant excepted.

*B. N. Davis*, for the defendant.

The agreement set forth in the special count, was for an interest in land, and no action for its breach can be sustained, unless the contract is evidenced by writing. Gen. Sts. § 1, ch. 66 ; *Hibbard & wife* v. *Whitney*, 13 Vt. 21 ; *Hawley* v. *Moody*, 24 Vt. 603 ; *Davis* v. *Farr*, 26 Vt. 592 ; Browne Frauds, §§ 231, 249, 252 ; *Howard* v. *Easton*, 7 Johns. 205 ; *Norton* v. *Webb*, 35 Me. 218 ; *Gilbert* v. *Buckley*, 5 Conn. 262.

No question could be made, if the plaintiff had relied on the common counts, but that he would have been entitled to recover for the use of his land, as the defendant had the use of it under the contract ; but when the plaintiff found on trial that he could not, under the common counts, recover special damages for the breach of the contract, he abandoned those counts. Under those counts, the parol testimony was admissible, to show why the plaintiff should recover for the use of the land, and was not objected to ; but when he abandoned the only counts to which parol testimony was pertinent, it was time enough for the defendant to make the question under the statute of frauds.

The court was bound to charge on every point material to the decision of the case upon which there was evidence, and to charge correctly and fully, whether requested or not. REDFIELD, J., in *Vaughan* v. *Porter*, 16 Vt. 269.

—— ——, for the plaintiff.

The contract in question conveyed no such interest in the land as the statute of frauds was intended to operate on. It conveyed no interest in the land itself, but only a license to enter upon it for a temporary purpose. 3 Parsons Cont. 34, 35 ; *Bishop* v. *Doty*, 1 Vt. 37 ; Washb. Easm. 5, 6.

If the contract was within the statute when made, yet, having been voluntarily performed, the rights and duties of the parties growing out of it, are the same as if no such statute existed ; and it cannot be pleaded in defence of an action for the consideration, after the interest has been received and enjoyed. Browne Frauds, §§ 115, 117, 270.

The right to insist upon the statute was waived, by not being sooner claimed.

The opinion of the court was delivered by

BARRETT, J. It is not the province of this court to reverse the judgment of the county court, unless the exceptions show error in that judgment.

The case shows that the defendant, on the trial, "admitted the making of the agreement, in nearly the same terms charged in the declaration." He was defending on the ground that he had performed on his part, according to said agreement. The parol evidence of the agreement given by the plaintiff had been received without objection. Not till "the arguments were partly concluded," did the defendant's counsel make any point on the fact that the agreement was not in writing. This was quite too late to be available after the admission of the agreement, voluntarily made, and without protest, by the defendant, on the trial and in open court.

A contract within the statute of frauds is not illegal ; but only not capable of being enforced against the defendant without writing,—an immunity which he may waive if he sees fit. Browne Frauds, 484. The statute does not interfere with the substance of the contract, but throws a difficulty in the way of the evidence. BENNETT, J., 14 Vt. 446. It should seem that the provisions of the statute only affect the rules of evidence, and not those of pleading. 1 Chit Pl. 304. In *Adams* v. *Patrick*, 30 Vt. 520, the language quoted from Browne, *supra*, is adopted. As this view is effectual against the exception taken in the county court, the judgment is affirmed.