LEAGUE & LUFKIN v. WILSON DAVIS.

PLEADING—WAIVER.—In a suit upon a parol contract which could not be performed within one year from the making thereof, the record failed to show that the statute of frauds was invoked as a defense on the trial, either by pleading it, by objecting to the admissibility of evidence, by asking instructions, or otherwise: *Held*—

1. That the defendants cannot, on appeal, complain that the court did not give them the benefit of an immunity which they failed to claim in time.

2. The defense of the statute not being set up, or the attention of the court called to it, the court was not required to interpose it.

3. If the court, under such circumstances, gave an erroneous charge based on the statute, the defendants, not being injured thereby, could not complain.

4. Having denied the contract, the evidence to establish it might have been excluded on objection as insufficient under the statute.

5. No objection to the evidence being disclosed by the record, it will be presumed, in support of judgment, that no right under the statute was asserted.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

Suit by Wilson Davis against League & Lufkin, alleging that defendants employed him as drummer for their mercantile house on the 1st of May, 1876, for one year, to commence 1st of May, 1876, and to end 1st of May, 1877, at a salary of $3,000 for the year. Davis afterwards amended his petition, and alleged that " the contract set forth in his original petition was made and entered into by plaintiff and defendants, for the employment therein set forth, on the 20th of March, 1876, and that in pursuance thereof plaintiff entered upon said employment on the 1st of May, 1876, and continued therein until the 20th of June, 1876, when he was discharged, as set forth in the original petition, whereby he says he was damaged $3,000."

League & Lufkin in their answer denied that they employed Davis for a year, and alleged that on the 17th of April, 1876, they employed him at a salary of $250 per month, to commence on the 1st of May, 1876, and to continue until they had finished taking account of their stock; that they finished taking account of their stock about the 15th of June, 1876, and discharged him on the 20th of June, 1876. By amended answer, League & Lufkin denied that they had made the contract set out in plaintiff's original and amended petition on the 20th of March, 1876, or at any other time before or after that date.

There was a verdict for plaintiff for $1,683.33; plaintiff remitted $333.33, and the court entered judgment for $1,350.

Defendants filed motion for a new trial, which was overruled, and notice of appeal given.

It nowhere appears in the pleading of the defendants that they relied as a defense on the fact that the contract was not in writing, and that by its terms it was not to be or could not be performed within one year from the making thereof; neither was objection urged on that ground to the admission of evidence adduced on the trial to establish it.

The following alleged errors were, among others, assigned, viz.:

"2. The court erred in the charge; for plaintiff, in his amended petition, set out an agreement that could not be performed within a year from the making thereof, which agreement defendants denied, and plaintiff failed to prove a valid agreement capable of being enforced.

"3. The court erred in the following charge: 'If you believe from the evidence that there was a yearly contract made on the 20th of March, 1876, it would not end on 1st of May, 1877, but on the 20th of March, 1877, unless in writing.' "

*A. R. Campbell,* for appellants.

I. The court erred in the charge; for plaintiff, in his amended petition, set out an agreement that could not be performed within a year from the making thereof, which agreement defendants denied, and plaintiff failed to prove a valid agreement capable of being enforced.

Wilson Davis, to sustain his allegations, testified that "on the 20th of March, 1876, I called on Mr. Lufkin, in the office of League & Lufkin, and told him our contract expired on the 1st of May following, and that I desired to renew my contract for another year, to commence on the 1st of May, 1876, and that Lufkin said, 'We will want you from 1st of May, 1876.'"

There was no testimony tending to show that the contract was in writing; all the testimony on the subject referred to conversations between the parties. The court in the charge instructed the jury, that if they should "find from the evidence

that the employment was for a year," &c., "counting the year beginning at the date of the contract and ending twelve months after the date of the contract," &c. (Paschal's Dig., art. 3875; Patton v. Rucker, 29 Tex., 411; Rogers v. Broadnax, 24 Tex., 542; Dawson. v. Miller, 20 Tex., 174; Brock v. Jones, 8 Tex., 78; Lee v. Hamilton, 12 Tex., 419; Wilson v. Martin, 1 Denio, (N. Y.,) 605; Spencer v. Halstead, Id., 607; Scoggin v. Blackwell, 36 Ala., 353; Boydell v. Drummond, 11 East, 156; Ridgway v. Wharton, 3 De G., Macn. & Gor., 689; 2 Pars. on Cont., 5th ed., p. 45.)

• II. The court erred in the following charge to the jury: "If you believe from the evidence that there was a yearly contract, made on the 20th of March, 1876, it would not end on the 1st of May, 1877, but on the 20th of March, 1877, unless in writing."

The contract alleged and testified to was void for not being in writing; the statute extends to every agreement that, by its terms, is not to be performed within one year from the making thereof. This agreement was claimed in the amended petition and testimony of plaintiff to have been made on the 20th of March, 1876, and it could not be fully performed until the 1st of May, 1877, which was more than a year from the making. (Paschal's Dig., art. 3875; 2 Pars. on Cont., 5th ed., p. 45; Scoggin v. Blackwell, 36 Ala., 353; Boydell v. Drummond, 11 East, 156; Peter v. Compton, Skinner, 353, decided in King's Bench by Lord Holt, and the cases collected under that one in 1 Smith's Lead. Cas., side p. 432.)

III. Where, as in this case, the defendant denies the agreement, he throws on the plaintiff the burden of proving a valid agreement capable of being enforced; and if the plaintiff fail to prove upon the trial that it was in writing, he must fail in his action. (Patton v. Rucker, 29 Tex., 411; Dawson v. Miller, 20 Tex., 174.)

*George P. Finlay* and *M. E. Kleberg*, for appellee.

I. An error assigned and not presented or insisted upon by

appellant or plaintiff in error in his brief, will be regarded as abandoned. (Rule 29 of Sup. Ct.)

II. The assignment that "the court erred in the charge," is too general and vague. The particular charge should be stated. "The party should put his finger on the very error." (Norvell *v.* Phillips, 46 Tex., 162; Roy *v.* Bremond, 22 Tex., 626; Trammell *v.* McDade, 29 Tex., 362; Howard *v.* Colquhoun, 28 Tex., 143; Seawell *v.* Lowery, 16 Tex., 51; Thompson *v.* Thompson, 12 Tex., 329; Johnson *v.* Alexander, 14 Tex., 386; Hatchett *v.* Conner, 30 Tex., 112; Parker *v.* Nolan, 37 Tex., 86.)

III. Parties have the right to waive, either openly or tacitly, the provisions of the statute of frauds, and appellant having done so, his objection comes too late.

The appellant did not in the court below plead the statute of frauds, nor except to the instructions, nor except to the evidence, nor ask counter-instructions to the jury on the statute of frauds. (Paschal's Dig., arts. 3875, 3876; Erhard *v.* Callaghan, 33 Tex., 171.)

IV. Even if the charge be erroneous, it will not be reversed unless exceptions be taken, or counter-charges asked, or proper charges suggested in the court below. (Cook *v.* Wootters, 42 Tex., 296, and cases cited; Ford *v.* McBryde, 45 Tex., 498; Hall *v.* O'Malley, 49 Tex., 70.)

V. The contract set out in the petition is not an entirety, as regarded by the common law, but is divisible and subject to apportionment. (Meade *v.* Rutledge, 11 Tex., 44; Hassell *v.* Nutt, 14 Tex., 260; Nations *v.* Cudd, 22 Tex., 552.)

VI. The appellant, on the trial of the case below, having failed to plead the statute of frauds, to except to the evidence, or to ask instructions on the statute of frauds, tacitly waived the statute of frauds, and will not be heard to raise objections to the verdict. (Erhard *v.* Callaghan, 33 Tex., 171; Cook *v.* Wootters, 42 Tex., 269; Ford *v.* McBryde, 45 Tex., 498.)

The damages are excessive, for there was proof that Davis was offered $150 per month and refused to take it.

VII. An error assigned will be considered abandoned unless

presented or insisted upon by brief. Besides, the sixth assignment is too vague and indefinite. (Rule 29 of Sup. Ct.)

GOULD, ASSOCIATE JUSTICE.—The defendants could waive their immunity under the statute of frauds, and unless the defense was in some way set up, or called to its attention, the court was not required to interpose it. (Brown on Stats. of Frauds, sec. 508, and refs.; 1 Dan. Ch. Pr., 4th Am. ed., pp. 656, 657; Burke v. Haley, 2 Gill., (Ill.,) 614; Gillespie v. Battle, 15 Ala., 276; Cozine v. Graham, 2 Paige, 181; Crutchfield v. Donathon, 49 Tex., 696.)

The record fails to show that the statute of frauds was invoked as a defense on the trial, either by pleading it, by objecting to the admissibility of evidence, by asking instructions, or otherwise. In this state of the record, the defendants cannot complain that the court did not give them the benefit of an immunity which they do not appear to have claimed in time. If the court, of its own motion, gave an erroneous charge based on the statute, the defendants were not injured thereby, and cannot complain.

Having denied the contract sued on, the defendants might have objected to its establishment by evidence insufficient under the statute; but as it does not appear that the objection was in any way made until after the trial, it must be presumed, in support of the judgment, that no right under the statute was asserted.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered March 5, 1880.]