WILLIAM E. PORTER, Respondent, v. CITIZENS' BANK *et al.*, Appellants.

St. Louis Court of Appeals, February 1, 1898.

1. **Pleading:** STATUTE OF FRAUDS. Under a general denial it is unnecessary to plead the statute of frauds to entitle the plaintiff to its benefits.

2. **Statute of Frauds:** VERBAL CONTRACT FOR PURCHASE OF LAND: EVIDENCE. Nor is plaintiff precluded from that defense on the ground of having taken possession of the premises in question under an oral agreement, where he abandons the premises because the vendor was unable to make a deed in pursuance of such agreement.

3. ———: ———: PARTIAL PAYMENT: MISTAKE. A party paying part of the purchase money of land is not precluded from recovering it back, where there is a misunderstanding between the parties as to the kind of title to be conveyed, and the money is paid under a mistaken belief of one party that the other understood the contract as he did.

VOL. 73 app—33

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

No briefs filed.

BOND, J.—Plaintiff sued the Citizens' Bank for $100, deposited with it by him, for which it executed to him a certificate of deposit. The bank answered that the money in question was paid to its cashier on account of a purchase by plaintiff of a tract of land belonging to Clarence Jones, and that said Jones demanded the same from the bank, wherefore it brought the money into court and prayed an interpleader between said parties. This order was made and said Jones pleaded his right to the money under an alleged contract of sale of certain real estate by him to plaintiff, averring that the $100 was a partial payment made on such purchase by plaintiff, and that he, Jones, had tendered a good and sufficient deed to plaintiff for the land in question, but plaintiff had; refused to pay the balance of the purchase money, and that he was still willing to execute such deed upon the payment of the purchase money. Plaintiff filed an answer denying the contract set up in said interplea. The evidence shows that at the time of the deposit of the money plaintiff received the following certificate:

"Citizens' Bank, Bowling Green, Missouri, March 23rd, 1896. Deposited by W. E. Porter, Cr.. of himself, current funds (100) one hundred dollars.

"R. L. POLLARD,
"Cashier."

The evidence further shows that plaintiff's father had been negotiating for the purchase of a tract of land of about fourteen acres from one Clarence Jones,

with the understanding that the deed to the land should be executed to plaintiff; that the contract, however, should not be executed unless the vendor would protect the purchaser against the use of a small portion of the land for a road. According to plaintiff's testimony, in pursuance of this oral agreement he came to the town of Bowling Green on the twenty-third of March, 1896, and left the money, for which he received the certificate of deposit, in the custody of the bank, he to have ten days further in which to purchase the land, which he intended to do, provided the vendor "fulfilled the contract." Plaintiff further testified that he did not complete the contract because the guaranty against the road which had been given to him by the agent of the vendor was not performed. Plaintiff further stated that he never took possession of the premises; that his father took possession of them, and after discovering that title could not be made against the road, abandoned the premises and left thereon a crop of corn which he had grown. According to the testimony given for interpleader Jones, the $100 left by plaintiff with the cashier of the bank was put in his hands as the agent of Jones and in part payment of the price of the land, and plaintiff was told when he paid the remainder he would be given a deed.

It is undisputed that no deed was ever exhibited to plaintiff or tendered to him at any time.

The court gave a peremptory instruction to find for the plaintiff. Interpleader appeals and assigns the giving of such instruction as error. Appellant is mistaken in the suggestion that plaintiff is PLEADING: statute of fraud. precluded from relying on the statute of frauds in this case. "Under a general denial it is unnecessary to plead the statute in order to receive its benefits and protection." *Boyd v. Paul*, 125 Mo. *loc. cit.* 14; *Allen v. Richard*, 83 Mo. 55; *Bless v.*

*Jenkins*, 129 Mo. *loc. cit.* 657; *Dunn v. McClintock*, 64 Mo. App. *loc. cit.* 196. In the case at bar the plaintiff denied the contract of sale alleged by the interpleader as the basis of his right to the fund in question. Plaintiff was therefore entitled to rely upon the statute of frauds. Nor is he precluded from that defense on the ground of having taken possession under the oral agreement. The evidence is that the father of plaintiff raised a crop upon the premises and abandoned both crop and premises because the vendor was not able to make a deed in pursuance of the oral agreement of his agent. If this could be held to be possession on the part of plaintiff, it was not such as takes the case out of the statute, for the reason that it was entered into upon the assumption that plaintiff would get the land free from the incumbrance of the road, and it was abandoned as soon as it was discovered that the user of a part of the land for a road could not be prevented.

STATUTE of frauds: verbal contract for purchase of land: evidence.

The only other fact relied upon by appellant to take the case out of the statute is the payment by plaintiff of the $100 (according to appellant's witnesses) as a part of the purchase money of the land. A party who pays a part of the purchase money of land under an oral contract of sale is not precluded from recovering it back, if the evidence shows that there was a misunderstanding between the parties as to the kind of title to be conveyed, and that the money was paid under the mistaken belief of one that the other party understood the contract as he did. In the case at bar it is shown by the testimony for plaintiff and also by one of interpleader's witnesses, that interpleader's agent was told by the plaintiff's father during the negotiations for the sale, that "if Mr. Hudson had a road there he didn't want the land." It is not denied by any witness that this

PARTIAL payment: mistake.

was the oral understanding of the plaintiff and his representative when the oral agreement was being made, hence there is no reason why plaintiff may not recover the money paid under these circumstances, even if it be conceded that it was delivered to the cashier of the bank as the representative of the vendor of the land. *McDonald v. Lynch*, 59 Mo. 350. The undisputed evidence in this case shows that no deed of any kind was ever actually tendered to plaintiff. Our conclusion is that a verdict in his favor is manifestly for the right party, and that the court did not err in so directing the jury. The judgment herein will therefore be affirmed. All concur.