STATE OF MISSOURI ex rel. HENRY ROWAN, Respondent, v. CAPE GIRARDEAU WATER WORKS AND ELECTRIC LIGHT COMPANY, Appellant.

St. Louis Court of Appeals, March 29, 1898.

1. **Mandamus**: DEMURRER: PLEADING. The only question presented for review in this case is as to the ruling of the court in sustaining the demurrer to the return made by respondent to the alternative writ. The return denied the contract, which is the basis of the relief sought. This denial was a specific traverse of the contract as alleged in the alternative writ, and was therefore sufficient to put its existence in issue under the rules of pleading applicable to proceedings in *mandamus*.

2. ———: ———: ———: STATUTE OF FRAUDS. The denial of the contract also sufficed to raise the issue as to the statute of frauds.

*Appeal from the Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

REVERSED AND REMANDED.

R. B. OLIVER for appellant.

"The general denial tendered an issue of fact which the court was not authorized to consider and dispose of on demurrer as if it were an issue of law." State ex rel. v. Rogers, 79 Mo. 283; State ex rel. v. Moss, 35 Mo. App. 441.

J. B. TIMBOUGH and T. D. HINES for respondent.

When the respondent desires, in his return, to traverse the suggestion or supposal of the alternative writ, the general rule is that he should follow the suggestion itself, and if he pursues this in terms substantially as alleged, the traverse will ordinarily be deemed

sufficient. It is, however, important to observe that the return should not be in general terms without alleging specifically the facts relied upon." High on Ex. Leg. Rem. [2 Ed.], sec. 467; Tapping on Mandamus [Ed. 1853], side p. 348. "If any distinction exists, it would seem that even greater strictness is required in the fullness, or completeness, of the return than in the answer." State ex rel. v. Beyers, 41 Mo. App. 503; State ex rel. v. Brown, 57 Mo. App. 199. In this case appellant's return admits, either in express terms or by direct inference, every allegation of the writ. The facts so admitted became indisputable, and evidence to disprove them could not have been admitted. Wright v. Butler, 64 Mo. 165.

BOND, J.—The relator is a barber in the city of Cape Girardeau, conducting his business in the St. Charles Hotel, where he provides three barber chairs and two bathrooms for the accommodation of his customers. On the sixteenth of August, 1897, he applied to the circuit court of Cape Girardeau county for a *mandamus* against defendant, alleging in substance that defendant was the successor of Adolph W. Gilbert, to whom, and his associates, successors or assigns, the City of Cape Girardeau had granted the privilege of providing a system of waterworks through its streets and alleys for the use of its inhabitants; that relator has for a long time past obtained his supply of water for the barber shop from defendant under a contract to pay therefor at the rate of $30 per year; that he paid defendant for the quarter beginning March 1, 1897, and ending June 1, 1897, and that he has tendered the amount due for the quarter beginning June 1, 1897, which defendant failed and refused to receive. He further charges that on the twentieth of July, 1897, defendant wrongfully and without any just

State ex rel. v. Waterworks and Electric Light Co.

cause therefor, stopped furnishing water to relator in his said barber shop and bathhouse; that he has requested it to restore the water and has tendered the charges as fixed by said contract, but defendant fails and refuses to restore; that he is now ready and willing to pay the water rates as by ordinance required, and as by his said contract with defendant he agreed to do, closing with a prayer for a writ. The court awarded an alternative writ containing the forgoing statements, and having overruled defendant's motion to require plaintiff to file the contract averred, ordered defendant to make a return to the alternative writ. Thereupon respondent filed the following return, which omitting formal parts is, to wit:

"It admits that Cape Girardeau is a city of the third class, and has been since the 12th day of March, 1894. Admits that said city, by and through its city council, passed, ordained and enacted an ordinance entitled 'An ordinance to provide for a system of waterworks in and for the city of Cape Girardeau, Mo., and granting to Adolph W. Gilbert, his associates, successors or assigns, the right to construct and operate the same, giving the right to streets, alleys, avenues, and agreeing to contract with the said Adolph W. Gilbert, his associates, successors or assigns, for fire protection and other purposes for a period of twenty years from the date of the passage of this ordinance;' and avers and charges that section 6 of said ordinance is as follows, to wit:

"Section six (6), being section 658 of the Revised Ordinances of the City of Cape Girardeau, Mo., 1894. 'Said Adolph W. Gilbert, his associates, successors or assigns, may from time to time, adopt and enforce such rules and regulations for the conduct of their business as they may see fit, provided the same in no

particular affects or conflicts with the provisions of this ordinance.'

"Respondent further says that in pursuance of the authority by said section 6, it adopted and published its rules and regulations and a tariff of annual rates in 1895, and that said rules and regulations have been by it printed and furnished to all persons desiring a copy of the same.

"That relator is the owner and proprietor of a public barber shop and public bathhouse within the city limits of the said city of Cape Girardeau; that relator as such barber, has three barber chairs in his said shop, and two public baths with heating apparatus attached thereto.

"That under and by virtue of authority upon it conferred in section 7 of said ordinance, being section 659 of the Revised Ordinances of the city of Cape Girardeau, Missouri, 1894, it is authorized and empowered to charge rates for barber shop and baths in any sum so as not to exceed or be greater than the rates charged in the city of St. Louis, Missouri, and that all bills for water can be rendered quarterly.

"That under and by virtue of said authority it adopted and published its rates for barber and bathrooms as follows: 'Barbers, first chair, ten ($10) dollars, each additional chair, three ($3) dollars; bath, public, with heating apparatus, twelve ($12) dollars.' Which said rates were adopted by respondent, as aforesaid, in 1895, and published at page 13 of its rules and regulations, and which rates are not greater than rates charged in the city of St. Louis for barbers' chairs and public baths with heating apparatus.

"That under and by virtue of authority granted it in said ordinance, it adopted rule nine, which is printed on page eight of its rules and regulations, and is as follows: 'All water bills shall be paid at the office of the

company, except for measure water, quarterly in advance, and each quarter shall commence on the 1st of October, 1st of January, 1st of April and 1st of July. All fractions of a quarter to be paid in advance to the commencement of the succeeding quarter. Where bills are not paid within ten days after they are due, ten per cent will be added thereto, and at the option of the water company the water may be shut off the premises without notice.'

"That under rule 13 of respondent company, which is printed and appears on page 10 of its rules and regulations, it was authorized to charge respondent the sum of $1, payable in advance before the respondent would again turn on its water; said rule being in words and figures as follows: 'Whenever the water is turned off for any cause a charge of one dollar, payable in advance, will be made for turning it on.'

"Respondent now avers that all of the rules and regulations made, as aforesaid, by it for the conduct of its business, in no particular affects or conflicts with the provisions of said ordinance, but the same is in aid of said ordinance and is reasonable. Respondent further states that relator was delinquent, to wit, for one month's rent for the quarter ending June 30, 1897, in the sum of $2.50. That although respondent had frequently called upon the relator to pay said delinquency, which he refused and neglected to do until the — day of July, when respondent cut off his supply of water from relator's premises.

"Respondent further states that he notified relator in writing, that upon the payment of his delinquent bill of $2.50 for the quarter ending June 30, and would pay the further sum of $1 for cutting the pipe and turning off said water, and the further sum of $10, it being the rate for one quarter of a year in advance, for his three barber chairs and for baths with heating

appartus, the said company would attach its pipe and water to relator's shop and supply him with all needed water. That relator has failed, neglected and refused to make said payments, or any of them, and that respondent still stands ready and willing to restore said water pipe and furnish said water, upon the payment in advance of said sums.

"And, for further return, respondent says that it never made any such contract as relator set out in his suggestion and recited in the amended writ herein, and even that if such a contract was made it was within the statute of frauds and void.

"And respondent denies each and every allegation in relator's petition and writ not heretofore admitted, and having fully answered, prays to be discharged with its costs in this behalf expended."

The foregoing return was sworn to. On the same day the relator filed a demurrer, on the ground, *first*, that the return stated no defense to the alternative writ of *mandamus; second*, that the rules set up in the return fixed a different charge from that alleged in relator's contract, and therefore were inoperative as to him; *third*, that rule 9, set up in the return was in conflict with section 7 of the city ordinance providing for the collection of water bills; *fourth*, that rule 13 is in conflict with said ordinance; *fifth*, that the offer of defendant to restore said water to relator upon the terms specified in its return was not in accordance with its contract with relator; *sixth*, that the return does not allege that relator was ever advised of the rules therein set up. The court sustained the above demurrer, and defendant declining to amend its return, and declaring it would abide by the same, the court on the motion of relator, and after hearing evidence, awarded a peremptory writ, from which judgment this appeal is prosecuted.

The only question presented for review is as to the ruling of the court in sustaining the demurrer to the return made by respondent to the alternative writ. The return denied the contract, which is the basis of the relief sought. This denial was a specific traverse of the contract as alleged in the alternative writ, and was therefore sufficient to put its existence in issue under the rules of pleading applicable to proceedings in *mandamus.* High on Ex. Rem. [2 Ed.], sec. 467; State ex rel. v. Brown, 57 Mo. App. 199. The denial of the contract also sufficed to raise the issue as to the statute of frauds, it being well settled by recent decisions of the supreme and appellate courts that the denial of a contract in suit will justify the adduction of evidence tending to show that it is within the statute of frauds. Porter v. Citizens Bank, number 6947, unreported, and cases cited. The issues of fact thus tendered by respondent's return should not have been adjudged against him on demurrer to that return, which was apparently done by the ruling of the court sustaining the demurrer to the return as a whole. State ex rel. v. Rogers, 79 Mo. 283; State ex rel. v. Moss, 35 Mo. App. 44. For these reasons the general demurrer in this case was improperly sustained. Appellant makes some point as to the amendment of the petition and alternative writ. It is in no position to object to these, since it answered (by its return) the amended pleadings. The judgment herein will be reversed and the cause remanded. All concur.

DENIAL of contract puts its existence in issue.

STATUTE of frauds.