INTERNATIONAL HARVESTER COMPANY OF AMERICA v. R. A. CAMPBELL.

*Decided June 13, 1906.*

**1.—Pleading—General Demurrer—Reasonable Intendment.**

Every reasonable intendment from the allegations of a pleading taken as a whole will be indulged against a general demurrer. Where from the allegations of plaintiff's petition the intendment is clear that plaintiff accepted terms of employment offered by defendant, a general demurrer on the ground that there was no specific allegation of acceptance was properly overruled.

**2.—Evidence—Letter—Genuineness—Circumstantial Proof.**

The genuineness of a writing may be proved by indirect or circumstantial evidence. Where a letter was written upon the letterhead of the defendant; was addressed to its agent, and was shown by him to plaintiff, and the signature to said letter was the same as that affixed to other letters written by defendant; and where defendant had been duly notified to produce said letter and failed to do so without excuse or denial of its existence or possession, these facts when taken in connection with the contents of the letter itself were sufficient proof of the genuineness of such letter.

**3.—Admission of Evidence Without Objection.**

The general rule is that objection to testimony must be made when it is offered, and if not made then it will be considered waived and its admission no ground for a new trial.

**4.—Written Instrument—Secondary Evidence of Contents.**

When an instrument is such as would naturally be in possession of the adverse party or his agent, and when last seen was in such possession, and the party after being duly notified refuses to produce or account for it on the trial, secondary evidence of its contents is admissible.

**5.—Agent—Scope of Authority—Evidence.**

Evidence that the same agent who employed plaintiff employed another person to work for the defendant was a circumstance to be considered by the jury in determining the scope of such agent's authority. While mere proof that a person assumed to act as the agent of another is not alone sufficient to establish agency as against the principal, yet if it is further shown that the alleged principal knew or must have known of the acts of the alleged agent and made no objection, it may be sufficient.

6.—Interrogatory—Answer—Conclusion of Witness.

The following interrogatory was propounded to a witness: "Had you at any time, as such division manager, or has there passed through your hands as such division manager, or is there known to you, any contract by which plaintiff was employed as canvasser, solicitor or drummer for any territory operated by the Plano Division of defendant company during the year 1903? If your answer be yea, state when, under what circumstances, and attach such contract, or copy thereof, if such has ever come into your custody and under your control or within your knowledge." To which the witness answered: "I had not. There has not been, and there is not, such a contract. No such contract ever existed." Held, the statement "no such contract ever existed" was properly excluded as a conclusion of the witness.

7.—Contract—Custom as Evidence of.

Proof of a contract *vel non* can not be made by showing the customary method of either party in making such contracts.

8.—Exclusion of Testimony—Harmless Error.

The erroneous exclusion of testimony is harmless when there is other testimony in the record to the same effect and not objected to.

9.—Testimony—Hearsay—Inference.

A witness was asked: "Is it not a fact that prior and subsequent to the employment of plaintiff, C. employed agents and salesmen for defendant company in other places than San Antonio, Texas?" To which he answered: "C. had no authority to employ an agent or salesman in any territory in the Plano Division of the defendant company, and he had never employed any one therein." Held, the first part of the answer, relating to C.'s authority, was properly excluded as hearsay, but if not hearsay it was a conclusion or inference of the witness.

10.—Statute of Frauds—Defense—Pleading.

In a suit affected by the statute of frauds the petition will be sufficient if it allege a contract generally without stating whether it is in writing or not. As an obverse corollary to this rule it would seem that the statute of frauds as a defense must be pleaded. Hart v. Garcia (63 S. W. Rep., 922) modified.

11.—Same—Peremptory Instruction—Appeal.

A peremptory instruction, which does not disclose the ground on which it is asked, does not so raise the question of the statute of frauds as to make it available on appeal.

12.—Contract—Reducing to Writing—When Complete.

Although the terms of a contract may all be agreed upon, still, if the parties make it a condition to the existence of a contract that the terms agreed upon be reduced to writing, and signed by them, there is no contract until this is done.

13.—Oath of Jurors—Charge Upon.

Conditions may arise which make it the duty of the court to remind the jury in its charge of the obligations of their oath as to the law and the evidence they should be governed by. In any event, such charge is harmless.

14.—Charge—Variance.

When evidence is admitted without objection, the question of variance can not be raised upon an instruction to the jury.

15.—Contract—Statute of Frauds—Evidence Without Objection.

While, in a suit on a contract, a general denial is sufficient to let in the defense of the statute of frauds, the defendant must make his defense good by objecting to parol evidence to prove the contract, and a failure to do so operates as a waiver of the statute if not specially pleaded.

Appeal from the District Court of Bexar County. Tried below before Hon. A. W. Seeligson.

*Cobbs & Hildebrand* and *William Aubrey,* for appellant.—In declaring upon a simple contract the pleader must aver the existence of a consideration, and if the consideration consists of mutual promises, these must be alleged as well as that they were concurrent. James v. Fulcrod, 5 Texas, 512; Flanders v. Wood, 83 Texas, 280; First National Bank of Marble Falls v. Border, 9 Texas Civ. App., 676; 4 A. & E. Ency. Pl. & Pr., pp. 928, 931.

In order to admit parol evidence of the contents of a letter its genuineness must first be established.

Agency can not be·established by the acts or declarations of the alleged agent. Noel v. Denman, 76 Texas, 306; Cooper v. Sawyer, 73 S. W. Rep., 992; Coleman v. Colgate, 69 Texas, 92; Mills v. Berla, 23 S. W. Rep., 910, and cases cited in 4 Green Texas Digest, p. 9060, sec. 7.

The objection that the answer of a witness in a deposition is not responsive, goes to the manner and form of taking such deposition, and should be made in writing at least one day before the trial with due notice to the opposite counsel. Rev. Stats. 1895, art. 2289; Allen v. Atchinson, 26 Texas, 616; Lee v. Stowe, 57 Texas, 444; Parker v. Chancellor, 78 Texas, 524.

When the issue is as to the power of an agent, evidence that such power could be exercised only in a particular manner and in accordance with an established system of the principal is admissible. 1 Morawetz Corporations, 507.

Where a party testifies that the general agent of another authorizes the acceptance of his application for employment, such agent may testify that he never contemplated or intended accepting such application. Hamburg v. Wood, 66 Texas, 168; Robertson v. Gourley, 84 Texas, 579; Wade v. Odle, 21 Texas Civ. App., 659; Dittman v. Weiss, 31 S. W. Rep., 69; Peightal v. Cotton States Building Co., 61 S. W. 432.

It was certainly competent for Bedell, when charged with doing an act, to testify not only that he did not do the act charged but never contemplated it or intended to do it. It was a fact which the jury should have been permitted to consider.

A party can only recover upon the contract alleged by him. Mims v. Mitchell, 1 Texas, 447; Gammage v. Alexander, 14 Texas, 419; Parker v. Beavers, 19 Texas, 411; Flores v. Smith, 66 Texas, 115.

The charge of the court should conform to the pleadings of the parties. People's Building Association v. Elliott, 33 S. W. Rep., 546; Texas, etc., R. Co. v. Johnson, 34 S. W. Rep., 189; Murchison v. Mansur-Tibbetts Imp't. Co., 37 S. W. Rep., 605.

A contract of employment for one year to commence in the future is within the statute of frauds requiring agreements not to be performed within one year from the making thereof to be in writing. Rev. Stats. 1895, art. 2543; Moody v. Jones, 37 S. W. Rep., 379; Wood Master & Servant, sec. 191 and notes; 29 A. & E. Ency. Law, 943 and cases cited.

The defense of the statute of frauds may be raised under a general denial. Patton v. Rucker, 29 Texas, 402; Jones v. Carver, 59 Texas, 293; Aiken v. Hale, 1 Posey U. C., 321 Zanderson v. Sullivan, 91 Texas, 503; 2 Thompson Trials, sec. 2242.

When parties negotiating a contract agree that the contract shall be evidenced by writing in which the terms and conditions of the contract

shall be set forth, the contract is incomplete and unenforceable if not so reduced to writing. Morrill v. Tehama Consolidated Mill & M. Co., 10 Nev., 125; Boyd v. Hind, 36 Eng. L. & Eq., 566; Dodge v. Hopkins, 14 Wis., 630; Crane v. Partland, 9 Mich., 493.

*Davis & McFarland*, for appellees.—The execution of a document may be proven by circumstantial evidence, though the witness did not see the letter signed. Wigmore on Evidence, vol. 3, sec. 2131; Crain v. Huntington, 81 Texas, 615.

Secondary evidence of the contents of a writing is admissible when the paper is in the hands of an opposite party and notice has been given to produce. International & G. N. R. R. v. Donaldson, 2 Texas App. Civ. Cas., 241.

The general rule is that agency can not be established by the acts and declarations of an agent, nor can the extent of authority be thus shown, but the rule is believed to be modified with reference to concerns which can transact business only through agents, in which case the acts and declarations of the alleged agent may be admissible as circumstances to aid in proving agency. Pullman Palace Car Co. v. Nelson, 54 S. W. Rep., 625; Missouri Pac. Ry. Co. v. Simons, 25 S. W. Rep., 996.

The evidence of a custom is irrelevant when the issue is upon an express contract, either as original or rebutting testimony. Moore v. Kennedy, 81 Texas, 146; International & G. N. Ry. Co. v. Gilbert, 64 Texas, 538-541; Neill v. Billingsley, 49 Texas, 167; Lyons v. Texas & Pac. Ry., 36 S. W. Rep., 1007.

"Such statute (meaning the statute of frauds) is a shield which a party may use or not for his protection, just as he may use statute of limitations.

"It is not available to a party unless specifically pleaded, and he can not for the first time avail himself of it upon appeal." League v. Davis, 53 Texas, 14; Pool v. Wedemeyer & Schulte, 56 Texas, 288; Day et al. v. Dalziel, 32 S. W. Rep., 377; Hart v. Garcia, 63 S. W. Rep., 922; Robb v. San Antonio St. Ry. Co., 82 Texas, 395.

In the formation of a contract, if the agreement is substantially reached, and nothing remains but to put into writing the terms upon which the parties have agreed, the contract stands complete. Green v. Cole, 103 Mo., 70, 15 S. W. Rep., 317; Lowrey v. Danforth, 69 S. W. Rep., 39 (Mo. App.); Allen v. Chouteau, 14 S. W. Rep., 873.

Objection to admissibility of evidence can not be raised for the first time in a requested charge. White et al. v. Pyron, 62 S. W. Rep., 82; Jones v. Meyer Bros. Drug Co., 61 S. W. Rep., 553 (writ of error refused by Supreme Court).

NEILL, Associate Justice.—This suit was brought by appellee against the appellant to recover $660 damages for a breach of contract of employment. The appeal is from a judgment for $570 in favor of the appellee.

The first assignment of error insisted on complains of the court's overruling a general demurrer to plaintiff's petition.

The petition alleges, "that defendant on or about June 4, 1903, acting through its duly authorized agent, J. D. Cameron, while acting as such

agent, and within the apparent scope of his authority, and while being held out by the defendant to this plaintiff and the world as such agent, employed plaintiff to sell goods, wares and merchandise of defendant in the San Antonio territory, in the capacity of a drummer or salesman; that said employment was for the period of twelve months, beginning on the 15th day of June, 1903, and ending on the 15th day of June, 1904; that in consideration of the services of plaintiff as aforesaid, defendant, acting by and through its said agent, agreed and promised and contracted to pay plaintiff the sum of $95 per month, for each month during the full period of plaintiff's employment.

"That in pursuance of said contract plaintiff, on and continuously after the said 15th day of June 1903, tendered his services to defendant, and at all times thereafter offered to do and perform any and all work required of him under his contract of employment; but that defendant has, at all times since said agreement and contract was made, failed and refused to allow plaintiff to enter upon his duties as drummer or salesman under said contract, and has failed and refused to pay plaintiff anything whatever by reason of said contract.

"That at the time plaintiff entered into said contract with defendant, as alleged, plaintiff informed defendant's said agent that he, plaintiff, was then in the employment of Andrews & Company at San Antonio, Texas, and that he had permanent employment at a salary of sixty dollars per month.

"That said agent acting for defendant, and in full line and scope of his duty as such agent, on or about the 4th day of June, 1903, requested plaintiff to give up his said position and be ready to assume his duties for defendant under said contract, and on said 15th day of June, 1903, and that by reason of said contract plaintiff did give up his said position with said Andrews & Company and was ready to begin work for defendant under said agreement and contract of said date."

This is enough of the petition to show the objection made to it under the assignment, which is disclosed by the following proposition, asserted under it in appellant's brief: "In declaring upon a simple contract the pleader must aver the existence of a consideration, and if the consideration consists of mutual promises, these must be alleged as well as that they are concurrent." The rule is well established that when a pleading is challenged by a general demurrer, every reasonable intendment from the allegations contained, taken as a whole, will be indulged. (Northwestern Nat. Ins. Co. v. Woodward, 18 Texas Civ. App., 496; Erie Telegraph Co. v. Grimes, 82 Texas, 94; Patterson v. Frazier, 79 S. W. Rep., 1079.) When this rule is applied to plaintiff's petition, it is apparent that it is good as against a general demurrer. For the intendment is so clear from the allegations that the plaintiff accepted the alleged employment of the defendant that it could hardly be made plainer by a specific allegation of such fact.

The second assignment of error is that "the court erred in permitting plaintiff to testify, over the objections of defendant, that a letter alleged to have been written by defendant to J. D. Cameron was as follows, viz.: 'We have received your letter, also Mr. Campbell's references which are good. You are on the ground, employ him,' as appears more fully by defendant's bill of exceptions No. 1." The bill of exceptions

discloses a number of objections to the testimony, but as the proposition under the assignment embraces only one it alone will be considered. It is: "In order to admit parol evidence of the contents of a letter its genuineness must be established." This proposition involves only the establishment of the genuineness of the letter. If, then, there was sufficient evidence of its genuineness to admit its contents in evidence, the assignment should be overruled, regardless of any other objection that may have been urged upon the trial to the introduction of such testimony, for no other objection is presented for our consideration. The genuineness of a writing may be proved by indirect or circumstantial evidence, as other facts; and in some instances this is the only character of evidence that can be adduced. Before the testimony complained of was introduced, it was shown by the testimony of appellee that the letter in question was written on one of the International Harvester Company's letterheads; that Mr. Cameron, the agent of the company showed him the letter about the 1st of June, 1903; that the signature was the same as that affixed to a letter he had received from the company a few days before and to other letters of the company written to Mr. Boldic, its traveling agent. The defendant and its attorney had been duly notified to produce the letter upon the trial or that secondary evidence would be introduced to prove its contents. It was not denied by defendant or its counsel that such letter had been written or was in their possession. The only challenge to plaintiff was, "You must show the genuineness of such letter before you can prove its contents." These circumstances, when taken in connection with the contents of the letter, fully meet the challenge. Upon the subject of authentication of a writing by its contents, Wigmore on Ev., sec. 2148, observes: "If Doe is the sole person who knows the circumstances of a certain event, and if a letter arrives purporting to be from Doe and stating those circumstances, and the statement appears by subsequent development to be accurate, it would be a simple matter, for the law as well as for common sense, to deem that sufficient evidence of Doe's authorship had been furnished." Campbell was seeking employment from the Company; its agent, Cameron, had written informing the company of the fact; Campbell's references had been sent to the company; a letter is received in reply written from the company's office in Chicago, on one of its letter-heads, bearing the same signature as other letters of the company to its agent, in which it is said, "We have received your letter, also Mr. Campbell's references, which are good." As no one save the company could have received the letter and reference mentioned in the letter received by Cameron and shown to plaintiff, its contents, when taken in connection with other facts, are, under the principle quoted, cogent evidence of its genuineness. We, by no means, wish to be understood as holding that the mere contents of a written communication, purporting to be a particular person's, are of themselves, sufficient evidence of genuineness, for the contrary is the rule.

The third assignment of error is directed against the action of the court in refusing appellant's motion to strike out that part of the testimony of plaintiff in which he testified that J. D. Cameron, about June 1, 1903, received a letter from P. J. Bedell, in which Bedell wrote him, Cameron, that he was in San Antonio, and to employ plaintiff if he,

Cameron, thought he was the right man, and would satisfy defendant. The proposition under the assignment is that "it is error to admit parol evidence of the contents of a written instrument, without proof of the loss, etc., of the original."

Before considering this proposition it will be observed that the general rule is that objections to testimony must be taken when it is offered, and if not made then are considered waived and its admission no ground for a new trial. (Ann Berta Lodge v. Leverton, 42 Texas, 18.) No reason is or can be shown why the objection asserted in the proposition was not interposed when the testimony was offered. However, eliminating "etc." from the proposition (for *et cetera*, which such letters denote, is too indefinite in its specification to permit consideration), the proposition while abstractly correct, is inapplicable to the question and should not be sustained. The evidence shows that P. J. Bedell, by whom the letter purported to be written, was the State agent of defendant with office in Dallas, Texas; that defendant had been notified to produce the letter upon trial; that when last seen it was in Cameron's, defendant's agent's, possession, which was constructively the possession of defendant; that defendant never produced nor disavowed its ability to produce the letter. In view of these facts, it was not necessary to prove its loss in order to prove by parol the contents of the writing. For when an instrument is such as would naturally be in possession of the adverse party or of his agent, and when last seen was in such possession, and the party, after being notified to produce it upon trial, refuses to produce or account for it, secondary evidence is admissible to prove its contents. (Elliott on Ev., sec. 1427, *et seq.*

Upon the trial, plaintiff offered to testify that J. D. Cameron was straightening out and shipping a stock of goods of defendant at San Antonio during the month of May or June, 1903, and employed a man named Scholl for that purpose and that said employe worked three days. The defendant objected to such testimony upon the ground that it was immaterial. The objection was overruled and the testimony admitted. The admission of such testimony over the objection is the basis of the fourth assignment of error. The proposition asserted is that "agency can not be established by the acts and declarations of the alleged agent." This proposition does not fully embody the rule sought to be invoked. It is, stated generally, "Agency can not be proved by the acts or declarations of the supposed agent which are not shown to have been known by the principal." (Cooper v. Sawyer, 73 S. W. Rep., 993.) While mere proof that a person assumed to act as the agent of another is not alone sufficient to establish the agency against the principal, yet, if it is further proved that the alleged principal knew of the acts of the alleged agent and made no objection, or if the acts were so open and notorious that it may be fairly presumed that he knew them, it, together with such further proof, may be sufficient. (Clark & Skyles on Agency, sec. 64.) That J. D. Cameron was an agent of the defendant for some purposes, is shown by defendant's own testimony. Whether it was within the scope of his apparent authority to employ plaintiff, his agency being virtually admitted, would, unless the character of his agency clearly implied or negatived such authority, be a matter for the jury to determine. If, however, he had direct and specific authority from the

defendant to employ the plaintiff, as is indicated by other testimony, it is immaterial whether it was within the scope of his apparent authority to employ him or not. So it would seem, in either event, the testimony complained of in the assignment could not in any way have prejudiced the defendant.

The fifth assignment of error is as follows: "The court erred in sustaining the objection of plaintiff to the answer of the witness, J. W. Bleasdale, to interrogatory number 18, referring to the alleged contract of employment between plaintiff and defendant as follows: 'No such contract ever existed,' said objection being that said answer was the conclusion of the witness." Direct interrogatory number 18, referred to in the assignment, is as follows: "Had you at any time, as such division manager, or has there passed through your hands as such division manager, or is there known to you, any contract of which plaintiff was employed as canvasser, solicitor, or drummer, for any territory operated by the Plano Division of defendant company during the year 1903? If you answer be Yea, state when, under what circumstances, and attach such contract or copy thereof, if such has ever come into your custody and under your control or within your knowledge."

The answer to the interrogatory was: "I had not. There has not been, and there is not such a contract. No such contract ever existed." No objection was sustained to any part of the answer, save the last sentence thereof, which is embodied in the assignment, to which the objection that it was merely a conclusion, was sustained, and, we think, properly. The part of the answer admitted in evidence answered the question, and was evidently all, if not more than, the witness knew about the subject of the injury. The sentence excluded was clearly a conclusion or inference of the witness drawn from what he stated as facts in that part which preceded it. The question is not whether the premise was sufficient to support such statement, but whether it was a conclusion. An inference or conclusion from other facts as premises is, unless it be the opinion of an expert, inadmissible as evidence because the other facts are already or may be brought before the jury whose province it is to deduce conclusions from them. It is apparent to any one acquainted with the principles of logic or right reasoning, that the witness had not stated sufficient facts to form premises for the conclusion that "no such contract ever existed" as was referred to by the interrogatory. If he had, it would have been for the jury to draw the conclusion, not the witness. (Half v. Curtis, 68 Texas, 642.)

The answer of the witness Bleasdale to interrogatory number 22 and to cross interrogatory number 16, the exclusion of which is the basis of the sixth and seventh assignments of error, after stating the customary method of defendant in employing salesmen, consist simply of an argument of the witness, based upon such custom to show that defendant never employed plaintiff as alleged by him, because such employment would have been in violation of defendant's custom. If evidence of such a custom were admissible, the argumentative part of the answer would not be. But proof of a contract *vel non* can not be made by showing the customary method of either party in making contracts of the same character. Customs of a particular corporation or individual, are not, even as to the party who is governed by such customs, as unyielding

and inflexible as cast iron. One can conduct his affairs by rules or not, just as he chooses; but he can govern no one else by them. If the defendant wanted to employ the plaintiff and he wanted to accept such employment, they could, regardless of the customs of either, make a contract in regard to such employment in any way they pleased. We think the answers referred to were properly excluded.

Complaint is made by the tenth assignment of error of the court's sustaining an objection to a part of the answer of defendant's witness P. J. Bedell, to the seventh interrogatory. The entire answer is: "No ratification was ever made by me and have no knowledge of any having been made by any one else. The application for employment by Mr. Campbell was filed away by me, and was never accepted. As stated above, I do not know of any officer or any one accepting or ratifying any contract of employment with Mr. Campbell." The objection made to the answer was that it stated the conclusion of the witness. It was sustained as to the first sentence. All the other part of the answer was read in evidence. If the part of the answer excluded was a statement of a fact within the knowledge of the witness, and not obnoxious to the objection that it was merely a conclusion, it is apparent that the defendant was not prejudiced by its exclusion, because the same fact is embodied in and clearly appears from the remaining part of the answer which was introduced in evidence, as well as in other answers of the witness which were read without objection.

The issue in this case is not whether the witness Bedell ever "contemplated or intended to accept the application for employment (referring to plaintiff's application) for any purpose or on any terms," but whether the plaintiff was employed by defendant. The witness having testified that he never accepted the application, nor employed the plaintiff, it is perfectly immaterial what he contemplated or intended about the matter, and no light would have been cast upon the issue by allowing him to testify that he never contemplated or intended to accept his application for employment for any purpose whatever. Therefore, we overrule the eleventh assignment of error.

What we have said in considering the seventh assignment of error disposes also of the thirteenth, which complains of the court's excluding the following part of the answer of the witness Bedell to cross interrogatory number 13, namely: "All applications for employment for this territory had to come through me and then be sent to the home office, to be accepted before any contract of employment could be made." Such a rule of the company could not affect the plaintiff, nor prevent the defendant from employing him without regard to such rules.

The witness Bedell was asked by cross interrogatory number 15, "How many times during the year 1903 did J. D. Cameron visit Texas, and what were the purposes of his visits, and what did he do for the defendant company while in Texas?" He answered: "Only one time. The purpose of his visit was, as before stated, to compare Chicago records with the records of Dallas and San Antonio offices, and this was what he did for the defendant company." On objection of plaintiff, that the part of the answer stating Cameron's purpose in visiting Texas, and what he did while in San Antonio, was hearsay such portion of the answer was excluded by the court. This ruling is, by the fourteenth assign-

ment denounced as error. The statement subjoined to the proposition under the assignment is too meager to enable us to determine, with any degree of certainty, whether the part of the answer in question is hearsay or not. · Not every answer carries with it a test by which it can be determined whether it is hearsay. So, ofttimes matters extrinsic to it must be looked to to determine the question. A moment's thought will demonstrate this to any lawyer and render an allustration of it by example unnecessary. If, however, it should be determined that the answer was not obnoxious to the rule inhibiting the admission of hearsay evidence, it is apparent from the record that the defendant was not prejudiced by its exclusion; for the same witness, in his answers to direct interrogatory number 3, and cross interrogatories numbers 2 and 4, testified in the same words to the same matters, and such answers were without objection read in evidence to the jury.

On cross examination the same witness was asked this question: "Is it not a fact that prior to and subsequent to the employment of plaintiff that J. D. Cameron employed agents and salesmen for defendant company in other places than San Antonio, Texas?" He answered: "Mr. J. D. Cameron had no authority to employ an agent or salesman in any territory in the Plano Division of the International Harvester Company of America, and he had never employed any one therein." Upon objection of plaintiff, that the first part of the answer, relating to Cameron's authority, or, rather, lack of authority to employ agents or salesmen, was hearsay, such part of the answer was excluded. This is the predicate for the fifteenth assignment of error. If not hearsay, the part of the answer was clearly an opinion of the witness and inadmissible. It may have been hearsay, but not necessarily so. The witness before, in answer to direct interrogatory number 4, had testified: "I know of no power vested in Mr. Cameron and recognized none, he being simply bookkeeper sent out from Chicago to compare their records with the records of the Dallas office. I knew of no power or authority that were vested in Mr. Cameron at all." This seems to have been the extent of the witness's information upon the subject of the excluded answer. And it is apparent that the part of the answer complained of was either based upon information received from some source, or an inference deduced from his knowledge of the character of Cameron's employment. If hearsay, the objection to it was good. If an inference, the part of the answer excluded was not competent testimony. In the one event the objection was good, in the other, defendant can not complain.

The answer of Bedell to the twenty-fifth cross interrogatory, to wit: "As answered before, Mr. Cameron had no authority to employ any one in any capacity in the Texas territory," is only an inference; and, upon such ground, was properly excluded. We, therefore, overrule the seventeenth assignment of error. This also disposes of the eighteenth assignment of error; and what we have said in considering the fourteenth assignment disposes of the nineteenth.

As the substance of issues made by pleadings is all that is necessary to be proven, a charge which submits to the jury the substance of the essential issues, made by the pleadings and evidence, necessary to plaintiff's recovery, sufficiently conforms to the rule which requires it to conform to the pleadings. This was done in the part of the charge com-

plained of by the twenty-second assignment of error. It is, therefore, overruled.

The twenty-fifth assignment of error complains of the court's refusal to give defendant's special charge number 1, which is a peremptory instruction to return a verdict in its favor. The charge in question does not, upon its face, disclose the ground upon which it is based. But we gather from the propositions under the assignments and the statements subjoined, it is that the contract sued upon is in violation of the statute of frauds, and, therefore, can not be enforced. It is well settled, that in a suit at law or in equity affected by this statute, the declaration or bill will be sufficient if it allege a contract generally, without stating whether it is in writing or not. (James v. Fulcrod, 5 Texas, 515; Cross v. Everts, 28 Texas, 531; Lewis v. Alexander, 51 Texas, 585; Horn v. Shamblin, 57 Texas, 244; Gonzales v. Chartier, 63 Texas, 37; Robb v. San Antonio St. Ry., 82 Texas, 395; Tensley v. Miles, 26 S. W. Rep., 999; Booher v. Anderson, 86 S. W. Rep., 956; Brown on Statute of Frauds, sec. 505; Reed on Statute of Frauds, secs. 504, 506, 507.) As an obverse corollary to this rule, it would seem that the statute of frauds as a defense must be pleaded, else the plaintiff, whose petition is good against any kind of exception, whose suit is affected by the statute, might be defeated without the defendant's having in any way pleaded the matter which destroys his action. And this corollary seems to be a principle of pleading. (League v. Davis, 53 Texas, 9; Pool v. Wedemeyer, 56 Texas, 299; Patton v. Rucker, 29 Texas, 411; Texas Brewing Co. v. Walters, 43 S. W. Rep., 549.) At least, it is well settled that the defense of the statute of frauds must in some form be specially interposed. See League v. Davis, supra; Texas Brewing Co. v. Walters, 43 S. W. Rep., 549; Booher v. Anderson, 86 S. W. Rep., 957. This may be done by a general demurrer, where the plaintiff's petition, though in all other respects sufficient, shows upon its face that the cause of action stated is within the statute of frauds. (Garner v. Stubblefield, 5 Texas, 561; Murphy v. Stell, 43 Texas, 133; Stovall v. Gardner, 15 Texas Ct. Rep., 756.)

In the case of Hart v. Garcia, 63 S. W. Rep., 922, while correctly decided, the rule may be stated too broadly to be in perfect harmony with other decisions of this State.

In the case at bar the statute of frauds was not in any manner interposed by the defendant in the court below. For it can not be said that its peremptory instruction, which did not disclose for what reason or on what principle it was asked, raised the question. It might have been requested because defendant deemed the evidence wholly insufficient to prove that a contract, either written or verbal, such as alleged was ever entered into by the parties. Certainly the statute of frauds can not be for the first time invoked upon appeal.

The evidence was sufficient to carry the case to the jury upon the issue as to whether the contract sued upon was ever made by the parties. If the agreement upon all the terms of the contract was reached by the parties, as the evidence reasonably tends to show, and nothing remained except to reduce its terms to writing, the contract was complete, there being no evidence that it was not to become effective until reduced to writing, a breach of it by either party, causing damage to the other,

would support an action for such damage. The principles applicable to the test of a completed contract are: "Although the terms of the contract may all be agreed upon, still, if the parties make it a condition to the existence of a contract that the terms agreed upon be reduced to writing, and signed by them, there is no contract until this is done." 1 Add. Cont. (Morgan's ed.), sec. 20. "On the other hand, it is well settled law that, where the parties have assented to all the terms of the contract, the mere reference to a future contract in writing does not negative the existence of the present contract. In other words, if the parties make an agreement which they intend shall be binding from the time it is made, effect will be given it from that time, though they intend it shall be superseded by a more formal written agreement." 2 Whart. Cont., sec. 645; Beach Mod. Cont. Law, sec. 3; Green v. Cole, 103 Mo., 70, 15 S. W. Rep., 317; Lowrey v. Danforth, 69 S. W. Rep. (Mo.), 41.) Clearly the evidence in this case was not such as would authorize the court to withdraw the issue of whether there was a contract between the parties from the jury and peremptorily instruct a verdict upon it for the defendant.

We are not informed why the court was induced to give the charge complained of in the twenty-fourth assignment of error, which is as follows: "The oath administered to each of you when empaneled was that you would a true verdict render according to the law as it may be given you in charge by the court, and to the evidence submitted to you under the rulings of the court. Hence, you are instructed that in considering your verdict you must not receive or consider any testimony other than that now before you." Conditions may have arisen that not only made it proper, but the duty of the court, to give such instruction to the jury. However, whether such conditions obtained or not, we can not see how either party could have been prejudiced by such charge.

Those assignments which complain of the court's overruling defendant's motion for a new trial are not well taken. The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

It is complained in this 'motion that we erred in overruling the twenty-second assignment of error which complains of the portion of the charge which submits the issue as to plaintiff's right to recover. The propositions advanced under the assignment are, (1) that a party can only recover upon the contract alleged by him; and (2) that the charge should conform to the pleadings of the parties. In disposing of this assignment in our original opinion, we observed that "as the substance of issues made by pleadings is all that is necessary to be proven, a charge which submits to the jury the substance of the essential issues made by the pleadings and evidence necessary to plaintiff's recovery, sufficiently conforms to the rule which requires it to conform to the pleadings;" and, upon this principle, held the charge not obnoxious to the objections raised by the assignment. A reconsideration of the assignment has not induced us to change our opinion on the question presented. This part of the charge may not, in that it fails to embody the express terms of the contract declared on, be full enough. But, save

an evident clerical error in its date (which could not possibly mislead the jury), it presents the substance of the issues made by the pleadings and evidence. If defendant desired a more specific presentation of the terms of the contract sued upon, it should have prepared and requested a special charge to that end. The defect in the court's charge, should it be regarded as defective, is one of omission only. The charge is good as far as it goes, and is such as to require the request of a special instruction supplying the omission before advantage can be taken of it on appeal. Neither proposition under the assignment presents the question of variance between the contract alleged and proved, and a consideration of such question would be foreign to it and unauthorized. However, the rule seems to be that where evidence is admitted without objection, the question of variance can not be raised upon an instruction to the jury. (Moffatt v. Sydnor, 13 Texas, 628; Houston v. Clute, 19 Texas, 179; First Nat'l Bank of Rockwall v. Stephenson, 82 Texas, 435; Clark v. Reese, 26 Texas Civ. App., 619.)

That the statute of frauds must be in some way specially interposed in the trial court is well settled by the authorities in this State, some of which are cited in our original opinion. And we can perceive no reason for receding from our original opinion that such interposition was not made by requesting a peremptory instruction to find for the defendant, without stating the ground upon which such instruction was asked.

In the case of Cosand v. Bunker, 50 N. W. Rep. (Dak.), 84, it appearing upon the trial that the contract sued on was within the statute of frauds, counsel for defendant requested the court to peremptorily instruct the jury that plaintiff could not recover because the contract was not reduced to writing, the refusal of which being assigned as error, the court in passing upon it held as follows: "We are of the opinion that the refusal to give this instruction was not error, under the evidence in this case. The August agreement as to the surrender of the premises and payment of $500 was given in evidence, and admitted without objection. It was too late, therefore, after the evidence was closed, and the case about to be submitted to the jury, to interpose the objection. Contracts within the statute of frauds, not reduced to writing, are not illegal, but only incapable of being enforced against a defendant without writing —an immunity which the defendant may waive. And this requirement of the statute may be waived by a defendant by a failure to object to parol evidence of a contract that the statute prescribes shall be in writing to be binding upon a party. This question was fully considered and decided by this court in the case of McLaughlin v. Wheeler, 47 N. W. Rep., 816. As bearing upon this question, in addition to the cases cited in that opinion, see Brown, St. Frauds (4th ed.), sec. 135; Montgomery v. Edwards, 46 Vt., 151; Bommer v. American, etc., Manufacturing Co., 81 N. Y., 468; Ames v. Jackson, 115 Mass., 508; Chicago Dock Co. v. Kinzie, 49 Ill., 289; Cahill v. Bigelow, 18 Pick., 369; Huffman v. Ackley, 34 Mo., 277; Houser v. Lamont, 55 Pa. St., 311; Howard v. Sexton, 4 N. Y., 157. It is also contended that it was not necessary for the defendant to plead the statute in this case, in order to avail herself of its protection. We agree with counsel in this proposition. Defend-

ant could, no doubt, have objected to the evidence, and it would have been the duty of the court to exclude it; but, as we have before seen, she could waive the protection of the statute made for her benefit."

While a general denial is sufficient to let in the defense of the statute of frauds (Buhl v. Stephens, 84 Fed. Rep., 922; Busick v. Van Ness, 44 N. J. Eq., 82; Metcalf v. Brandon, 58 Miss., 841; Tatge v. Tatge, 34 Minn., 272; Dunn v. Moore, 3 N. J. Eq., 364; Allen v. Chambers, 4 Ired. Eq., 125; State v. Cape G. Water Works, etc., Co., 74 Mo. App., 273; Boyd v. Paul, 125 Mo., 9; Hackett v. Watts, 138 Mo., 502; Porter v. Citizens' Bank, 73 Mo. App., 513; Wiswell v. Tefft, 5 Kan., 263; Coquillard v. Surdam, 8 Blackf., 24; Suman v. Springate, 67 Ind., 115), the defendant is still obliged to make his defense good by objecting to parol evidence which is sought to be introduced by the plaintiff to prove the contract. (Crough v. Nurge, 44 N. Y. App. Div., 19, 60 N. Y. Sup., 395; Clement v. Gill, 59 Mo. App., 482; Consand v. Bunker, 2 S. Dak., 294.) And a failure to object to parol evidence when it is introduced operates as a waiver of the statute, if not specially pleaded. (Montgomery v. Edwards, 46 Vt., 151, 14 Am. Rep., 618; Pike v. Pike, 69 Vt., 535; Lupean v. Brainard, 20 N. Y. App. Div., 212; Clement v. Gill, supra; Barrett v. Johnson, 77 Hun, 527; Jordan v. Greensboro Furnace Co., 78 Am. St. Rep., 654, 655.)

From the foregoing citation of authorities, it follows that our conclusion to the effect that the statute of frauds was in no manner interposed by the defendant in the court below and can not be for the first time invoked on appeal, expressed in our original opinion, is correct.

We think that the proof was sufficiently certain as to the damages sustained by the plaintiff by reason of the breach of the contract to admit of his recovery. The motion is overruled.

*Overruled.*